UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | | |
|---|---|---|
| ANDREW PADULA | } | Case No. 2:17-cv-14102 |
| PLAINTIFF | } | |
| v. | } | COMPLAINT FOR DAMAGES |
| | } | 15 U.S.C. § 1692, et seq. |
| HUGHES, MARTINI & ASSOCIATES, LLC | } | Fla. Stat. § 559.55, et seq. |
| d/b/a MARTINI, HUGHES & GROSSMAN | } | **JURY TRIAL REQUESTED** |
| DEFENDANT | } | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff ANDREW PADULA, through his attorney, brings this action to challenge the actions of Defendant HUGHES, MARTINI & ASSOCIATES, LLC, d/b/a MARTINI, HUGHES & GROSSMAN, for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiffs. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§

559.55-559.785 ("FCCPA").  The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff.  "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail."  *Id.* at § 559.552.

4.  Plaintiffs make the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiffs' personal knowledge.

### JURISDICTION AND VENUE

5.  This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant conducts business in the State of Florida by repeatedly contacting Florida residents while attempting to collect upon consumer debts, personal jurisdiction is established.

7.  Because all tortious conduct occurred while Plaintiff resided in the City of Hobe Sound, County of Martin, and witnesses are located within such location, venue properly lies with this court.

### PARTIES AND DEFINITIONS

8.  Plaintiff is a natural person.

9.  Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) and the FCCPA Fla. Stat. § 559.55(7) because Defendant used instrumentalities of commerce within this state, the principal purpose of which is the collection of debts.  Additionally or alternatively,

Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff was allegedly obligated to pay "debts," as such term is described by the FDCPA 15 U.S.C. § 1692a(5) and the FCCPA Fla. Stat. § 559.55(6) because he was allegedly obligated to pay money arising out of transactions in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes. Specifically, Plaintiff was allegedly obligated to pay debts relating to gambling loans allegedly incurred at various properties under the Seminole Hard Rock umbrella of casinos.

11. Plaintiff is a "debtor" and "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) and the FCCPA Fla. Stat. § 559.55(8) because he was allegedly obligated to pay a debt. Specifically, Plaintiff was allegedly obligated to pay debts relating to gambling loans allegedly incurred at various properties under the Seminole Hard Rock umbrella of casinos.

## FACTUAL ALLEGATIONS

12. At approximately the start of this year (2017), Defendant initiated debt collection procedures against Plaintiff for an alleged gambling debt incurred at the Seminole Hard Rock.

13. On February 27, 2017, Defendant e-mailed Plaintiff an attempt to collect upon the alleged debt, and additionally included the following threat: "the worthless checks will be processed thru the bad check crime unit of the Sheriff's department and treble damages will be sought per Florida Statute."

14. On February 27, 2017 and after the e-mail referred to in paragraph 13, above, Plaintiff delivered written notice via electronic mail to Defendant of his revocation of consent to be contacted.

15. On February 27, 2017 and after the e-mail referred to in paragraph 14, above, Defendant e-mailed Plaintiff in an attempt to collect upon the alleged debt.

16. On February 27, 2017 and after the e-mail referred to in paragraph 15, above, Plaintiff again delivered written notice via electronic mail to Defendant of his revocation of consent to be contacted.

17. On February 27, 2017 and after the e-mail referred to in paragraph 16, above, Defendant e-mailed Plaintiff in an attempt to collect upon the alleged debt, and additionally included the following threat: "I will advise you that Florida allows for treble damages on worthless checks; so if you want a lawsuit for 32K + fees don't pay the agreed 4K settlement."

18. On February 27, 2017 and after the e-mail referred to in paragraph 17, above, Plaintiff delivered for the third time written notice via electronic mail to Defendant of his revocation of consent to be contacted.

19. On February 28, 2017, Defendant e-mailed Plaintiff in an attempt to collect upon the alleged debt

20. On February 28, 2017 and after the e-mail referred to in paragraph 19, above, Defendant e-mailed Plaintiff in an attempt to collect upon the alleged debt

21. On February 28, 2017 and after the e-mail referred to in paragraph 20, above, Plaintiff delivered for the fourth time written notice via electronic mail to Defendant of his revocation of consent to be contacted.

22. On February 28, 2017 and after the e-mail referred to in paragraph 21, above, Defendant e-mailed Plaintiff in an attempt to collect upon the alleged debt, and additionally included the following threat (copied verbatim): "Tomorrow we're going to advance the file to litigation through the law

offices of Koppen and Watkins if you fail to resolve your worthless checks. If you want to circumvent legal action you can call our office and resolve your worthless checks like you had asked Mr. Martini and pay the $4000 agreed settlement that you had asked for and credit committee  aporoved or you can deal with the consequences tomorrow."

23.  On February 28, 2017 and after the e-mail referred to in paragraph 22, above, Plaintiff delivered for the fifth time written notice via electronic mail to Defendant of his revocation of consent to be contacted.

24.  On February 28, 2017 and after the e-mail referred to in paragraph 23, above, Defendant e-mailed Plaintiff in an attempt to collect upon the alleged debt, and additionally included the following threat: "once we advance the file and the bad check crime reports and treble damage statutory notices are filed that our client will seek the full balance plus treble damages and attorney fees per your signed contract."

25.  On February 28, 2017 and after the e-mail referred to in paragraph 24, above, Plaintiff delivered for the sixth time written notice via electronic mail to Defendant of his revocation of consent to be contacted.

26.  On March 1, 2017, Defendant e-mailed Plaintiff in an attempt to collect upon the alleged debt, and additionally included the following threat (this time, nested inside of a replied-to e-mail):  "I need the file so that Attorneys Koppen & Watkins can file suit. What an idiot….over $500 he will be sued for 32K."

27.  During the communications described in paragraphs 13, 15, 17, 19, 20, 22, 24, and 26, above, Defendant failed to specifically provide the disclosure that "this communication is from a debt collector." Additionally, Defendant failed to provide the aforementioned disclosure using any other substantially similar sentence (e.g. "this is an e-mail from a debt collector," etc.)

28. As of March 23, 2017, during Defendant's initial communication with Plaintiff, and in fact during every one of Defendant's communications with Plaintiff, Defendant failed to provide Plaintiff with the full set of the following five disclosures: information regarding the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## FIRST CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq.**

29. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-28, as if fully set forth herein.

30. By communicating further with Plaintiff with respect to debt collection after Plaintiff notified Defendant in writing that Plaintiff desired Defendant to cease further communication with Plaintiff, Defendant engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692c(c).

31. By contacting Plaintiff seven times in less than two days despite receiving six demands from Plaintiff to cease further communication, Defendant has engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, and therefore, Defendant engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692d.

32. By calling Plaintiff an "idiot," Defendant has engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, including the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader, and therefore, Defendant engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692d(2).

33. By threatening Plaintiff that Defendant would refer the matter to a so-called "crime unit of the Sheriff's department," Defendant has used a false, deceptive, or misleading representation or means in connection with the collection of a debt, including the representation or implication that nonpayment of the debt will result in Plaintiff's arrest or imprisonment, and therefore, Defendant engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(4).

34. By threatening Plaintiff that Defendant would refer the matter to a so-called "crime unit of the Sheriff's department," Defendant has used a false, deceptive, or misleading representation or means in connection with the collection of a debt, including making a threat to take an action that cannot legally be taken or that is not intended to be taken, and therefore, Defendant engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(5).

35. By threatening Plaintiff that Defendant would refer the matter to a so-called "crime unit of the Sheriff's department," Defendant has used a false, deceptive, or misleading representation or means in connection with the collection of a debt, including the false representation or implication that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, and therefore, Defendant engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(7).

36. By failing to disclose during a communication subsequent to the first communication that the communication is from a debt collector, Defendant has used a false, deceptive, or misleading

representation or means in connection with the collection of a debt, and therefore, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(11).

37. By failing to provide Plaintiff with written notice within five days of the initial communication with Plaintiff with regards to the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(a).

38. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

39. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

40. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. §1692, et seq., and Plaintiff is so entitled.

41. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $1,000.00;

(b) Reasonable attorney's fees and costs;

(c) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Violation of the FCCPA, Fla. Stat. § 559.55, et seq.**

42. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-28, as if fully set forth herein.

43. By willfully violating the FDCPA in any of the manners described in paragraphs 30-37, above, Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff, and therefore, Defendant engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(7).

44. By willfully contacting Plaintiff seven times in less than two days despite receiving six demands from Plaintiff to cease further communication, Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, and therefore, Defendant engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(7).

45. By willfully threatening Plaintiff that Defendant would refer the matter to a so-called "crime unit of the Sheriff's department," Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff, and therefore, Defendant engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(7).

46. By willfully calling Plaintiff an "idiot," Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff, and therefore, Defendant engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(7).

47. By willfully calling Plaintiff an "idiot," Defendant used profane, obscene, vulgar, or willfully abusive language in communicating with Plaintiff, and therefore, Defendant engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(8).

48. By willfully threatening Plaintiff that Defendant would refer the matter to a so-called "crime unit of the Sheriff's department," Defendant asserted the existence of a legal right when Defendant knew that legal right does not exist, and therefore, Defendant engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(9).

49. In violating the FCCPA in any of the manners described in paragraphs 43-48, above, Defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.  Additionally or alternatively, in violating the FCCPA in any of the manners described in paragraphs 43-48, above, Defendant was so reckless or wanting in care that it constituted a conscious disregard or indifference to Plaintiff's rights, who was exposed to Defendant's conduct.

50. In violating the FCCPA in any of the manners described in paragraphs 43-48, above, Defendant employed employees who had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.  Additionally or alternatively, in violating the FCCPA in any of the manners described in paragraphs 43-48, above,

Defendant employed employees who were so reckless or wanting in care that it constituted a conscious disregard or indifference to Plaintiff's rights, who was exposed to Defendant's conduct.

51. By violating the FCCPA in any of the manners described in paragraphs 43-48, above, Defendant actively and knowingly participated in the intentional misconduct or gross negligence described in paragraph 50, above. Additionally or alternatively, by violating the FCCPA in any of the manners described in paragraphs 43-48, above, Defendant's officers, directors, or managers knowingly condoned, ratified, or consented to the intentional misconduct or gross negligence described in paragraph 50, above. Additionally or alternatively, by violating the FCCPA in any of the manners described in paragraphs 43-48, above, and specifically in the manner described in paragraph 49, above, Defendant engaged in conduct constituting gross negligence which contributed to the losses felt by Plaintiff.

52. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

53. The FCCPA provides for reasonable attorney's fees and costs in any successful action, *Id.*

54. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part. *Id.*

55. Fla. Stat. § 559.77(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

56. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

57. Fla. Stat. § 559.77(2) entitles Plaintiff to punitive damages upon successful prosecution of this action and after successfully proving Defendant's conduct rises to the standards established by Fla. Stat. § 768.72, et seq., and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $1,000.00;

(b) Reasonable attorney's fees and costs;

(c) Punitive damages in the maximum amount the court deems proper and may provide;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 23rd day of March, 2017,

By Plaintiffs' attorney: /s/ Nicholas Michael Murado_____
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com