UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION


ANDREW PADULA                                              Case No. 2:17-cv-14102

        PLAINTIFF

v.

HUGHES, MARTINI & ASSOCIATES, LLC
d/b/a MARTINI, HUGHES & GROSSMAN,
JOHN P. HUGHES and GREG MARTINI

        DEFENDANTS,
_____/


**DEFENDANTS' HUGHES AND MARTINI, MOTION TO DISMISS PER FED. R.CIV.P.12(b) & (E)**

    Defendants, JOHN P. HUGHES and GREG MARTINI, (Hereinafter referred to as HUGHES/MARTINI), by and through their undersigned counsel, and pursuant to Rules 12 (b) and (E) of the Federal Rules of Civil Procedure, hereby file this their Motion to Dismiss (with included memo of law) The First Amended Complaint, filed herein by the Plaintiff, ANDREW PADULA (Hereinafter referred to as PADULA), and state:

**I. PROCEDURAL POSTURE**

    In his initial Complaint for Damages, the Plaintiff, Andrew Padula, filed an action against Defendant, Hughes, Martini & Associates, LLC, d/b/a Martini, Hughes, & Grossman, (Hereinafter referred to as MHG), alleging violation of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and The Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. Defendant, MHG filed its Answer and Affirmative Defenses to said initial Complaint.

    Subsequent to the filing of MHG's Answer, Plaintiff filed his First Amended Complaint. The First Amended Complaint added Defendants, John P. Hughes, & Greg Martini (Hereinafter referred to as HUGHES/MARTINI) as defendants. The allegations in both Complaints are essentially identical, save for the allegations in numbered paragraph 9. The allegations in paragraph no. 9 of the First Amended Complaint were expanded to include the last two sentences in paragraph no. 9. The crux of the additional allegations are that: (1) HUGHES/MARTINI both control and direct the debt collection practices of the Defendant, MHG; and (2) Hughes and Martini are the owners, co-owners or officers of MHG. Thus, by way of his First Amended Complaint Plaintiff seeks to impose personal liability on HGUHES/MARTINI.

## II. ISSUE PRESENTED

(1) Whether the Plaintiff has sufficiently pled a cause of action against HUGHES/MARTINI, for purpose of imposing personal liability on said Defendants; (2) and/or, in the alternative, whether the allegations are in need of further clarification so that said Defendants may fairly answer the First Amended Complaint?

## III. ARGUMENT

The issue as to whether owners, officers, employees, directors, etc., of a debt collector can be held personally liable under the FDCPA Act is one which the federal courts of appeal have yet to agree. A comprehensive discussion of the subject can be found at: Sean M. O'Neil, *Unveiling Debt Collectors: Does the FDCPA Limit "Debt Collector" Liability to Corporate Entities?*, Vol 82 No. 5 Temple L. Rev. 1369 (Spring-Summer 2010).

Research has failed to locate any decision on the subject rendered by the U.S. Court of Appeals for the Eleventh Circuit: However, the subject was addressed in *Arlozynski v Rubin & Debski*, 710 F. Supp. 2d 1308.

Given the judicial history of the legal issue now presented to this court, the suggested approach is to determine whether the allegations set forth in the Plaintiff's First Amended Complaint satisfy the pleading requirements set discussed in *Arolzynski*.

First, the factual allegations: The factual allegations that are pertinent to this argument are set forth in the last two (2) sentences of paragraph no. 9. The crux is: "The Defendant Hughes and the Defendant Martini both control and direct the debt collection practices of Defendant…."; and HUGHES/MARTINI are the "owners, co-owners, or officers…. [of the Defendant]."

The acts complained of are several emails sent by MHG, each authored by either Hughes or Martini. In later allegations each email is associated with either Hughes or Martini.

In *Arlozynski*, the court considered case law submitted by counsel, and held that individual liability could be pled if it was alleged that the individual defendant "act as a debt collector in an individual capacity." In the present case, Plaintiff has failed to make any such allegation.

Further, the court noted that the objectionable conduct was set forth in the pleading. In the present case, Plaintiff has elected to offer comment on the objectionable communications, but has failed to replicate the emails in full.

Lastly, Plaintiff's allegations that Defendants, Hughes & Martini are owners, co-owners, or officers is irrelevant, as such capacity is of no consequence; unless Plaintiff seeks to pierce the corporate veil- a legal theory, if intended, is without supporting allegations. See Note [2] in *Arlozynski*.

Defendants, HUGHES/MARTINI also move for a more definitive statement, as to the First Amended Complaint. The Complaint, as pled, is so vague or ambiguous that Defendants cannot reasonably prepare a response. This results from the fact that the Plaintiff has comingled/merged/combined the alleged objectionable conduct of the Defendants

HUGHES/MARTINI. For example, in paragraph no. 13, Plaintiff references an email from Defendant, Hughes. If the objectionable conduct is that of Hughes then said paragraph should have no applicability to either MHG or Martini, and the Complaint should so state. That is, the practical concern is, if damages are demanded on the basis of the allegations in paragraph 13, then is should be made clear that the only damages requested are those associated with the conduct of Hughes, and not with either MHG or Martini, as no allegation, in said paragraph, has been made as to either MHG or Martini.

WHEREFORE Defendants, HUGHES/MARTINI move for entry of order as follows:
1. Granting this instant Motion to Dismiss for failure of the Plaintiff, as to each objectionable communication, to allege that either Hughes or Martini acted as a debt collector in an individual capacity.
2. Granting this Motion to Dismiss for failure of the Plaintiff to plead the objectionable communications in full.
3. Granting this Motion for failure of Plaintiff to plead any fact in support of any effort to breach the corporate veil of MHG.
4. Granting Defendants' Motion for a More Definitive Statement requiring the Plaintiff to specify, as to each objectionable communication, the Defendant(s) to which said allegation is intended to apply.

Dated July 5, 2017

Respectfully Submitted by;

KOPPEN, WATKINS, PARTNERS
& ASSOCIATES, A Professional Association
Attorneys for Defendants, Hughes/Martini
900 W. Linton Blvd., Suite 202
Delray Beach, Florida 33444
Telephone: 561-279-9872
Fax: 561-279-9873
E-mail: law@koppwatpa.com

By: */s/ R. Daniel Koppen*
R. DANIEL KOPPEN, Esq.
Fla. Bar No.: 230065

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on July 5, 2017, on all counsel or parties of record on the Service List below.

3

KOPPEN, WATKINS, PARTNERS
& ASSOCIATES, A Professional Association
Attorneys for Defendants, Hughes/Martini
900 W. Linton Blvd., Suite 202
Delray Beach, Florida 33444
Telephone: 561-279-9872
Fax: 561-279-9873
E-mail: law@koppwatpa.com

By: */s/ R. Daniel Koppen*
R. DANIEL KOPPEN, Esq.
Fla. Bar No.: 230065

**SERVICE LIST**

*Attorney for Plaintiff:*
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com